IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:14CV-00494 |
| PAUL CHANG, individually; PAUL CHANG R.P.T., PC; SARA CLARK by and through her guardian and conservator, Wanda Clark; and WANDA CLARK, individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### CLARK DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS

Defendants Wanda Jeanette (née Clark) Gossett, individually, and Sara Clark, by and through her guardian and conservator, Wanda Jeanette Gossett, (jointly "these Defendants") hereby submit their Memorandum of Law in Support of their Motion to Stay:

### I. INTRODUCTION

The core question in this case is whether there is insurance coverage under Plaintiff American Casualty's policy for the judgment entered by the Circuit Court of Saline County, Missouri in favor of these Defendants and against American Casualty's insureds Defendant Paul Chang ("Chang") and Defendant Paul Chang R.P.T., P.C. ("Corporation") (jointly "Chang Defendants"). This coverage question is already at issue in a parallel proceeding in the Circuit Court of Saline County, involving the same parties as this case,

1

the same insurance policy, and the same questions of state law, with no federal question implicated. American Casualty's amended complaint alleges one count against all defendants for declaratory relief. Chang Defendants have filed a cross-claim in the Saline County action for the same claims presented in this Court.

This Court may properly exercise its discretion to abstain from further adjudicating this case until the parallel state case is concluded (the state case has been filed, which leaves it in no different position than this current federal case since no motions are pending and discovery has only been recently propounded by American Casualty). This action is completely parallel with the state action and it should be stayed.

## II. RELEVANT FACTS

1. In 2012, Chang Defendants received a state-court petition seeking monetary damages for personal injuries suffered by these Defendants. The Petition was attached to Plaintiff's <u>First Amended Complaint</u> as Exhibit A.

2. The underlying case alleged that on multiple dates, Defendant Sara Clark was sexually molested by Defendant Chang, who was an officer and employee of Defendant Corporation. <u>Ex. A to Amended Complaint</u>, ¶¶ 10-17.

3. Chang Defendants were insured under a policy for professional and general liability insurance numbered 0265547438 issued by American Casualty. <u>Amended Complaint</u>, ¶ 31-33.

4. American Casualty was provided multiple correspondences by Chang Defendants' personal counsel that went without response. Thus, they declined to provide a

defense in the underlying action. <u>Defendants Paul Chang and Paul Chang R.P.T., P.C.'s Counterclaim</u>, ¶ 4-12.

5. So Chang Defendants entered into an agreement under § 537.065, RSMo, whereby these Defendants agreed in the event of a judgment they would attempt to collect solely against American Casualty, and then they proceeded to trial on all issues of liability and damages in the underlying case on June 24, 2014. <u>Defendants Paul Chang and Paul Chang R.P.T., P.C.'s Counterclaim</u>, ¶ 16.

6. Knowing that the trial was going to occur on June 24, 2014, American Casualty immediately filed this action three weeks earlier on June 3, 2014. (Docket Entry # 1).

7. After the June 24, 2014 trial the Court entered Judgment in these Defendants' favor and against Chang Defendants in the total amount of $3,600,000.00. Said judgment was amended on August 22, 2014. <u>Amended Complaint</u>, Exhibit B.

8. That Amended Judgment Entry became final thirty days later. In lieu of filing the state equitable garnishment action immediately, these Defendants and the Chang Defendants agreed that an attempt at mediation through this Court's Mediation and Assessment Program could be fruitful to dispose of the case entirely. However, said program did not effectuate settlement, and on January 16, 2015, these Defendants filed an action in the Circuit Court of Saline County based on Missouri Statutes § 379.200 (equitable garnishment), with American Casualty and Chang Defendants named as defendants. A copy of the Saline County garnishment petition is attached hereto as <u>Exhibit A</u> and incorporated herein by this reference.

3

9. The Saline County garnishment case involves the same parties as the case before this Court, the same American Casualty insurance policy and exclusions, and the same state-law question of whether there is coverage for the Saline County Judgment under American Casualty's policy.

10. Chang Defendants also filed a cross-claim in the Saline County action alleging the same bad faith claims and damages as are pending in this Court. A copy of their cross-claim is attached hereto as <u>Exhibit B</u> and incorporated herein by this reference.

### III. APPLICABLE LEGAL STANDARD

"Federal courts have more discretion to abstain in an action when a party seeks relief under the Declaratory Judgment Act." <u>Royal Indem. Co. v. Apex oil Co.</u>, 511 F.3d 788, 792 (8th Cir. 2008). "This broader discretion arises out of the Declaratory Judgment Act's language that a court '*may* declare the rights and other legal relations of any interested party seeking such a declaration.'" <u>Id</u>. (quoting 28 U.S.C. § 2201(a)) (emphasis in original).

Where there is a parallel state action involving "'. . . the same issues, not governed by federal law, between the same parties . . . [a] federal court may abstain from proceeding because '[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where' a parallel state court proceeding is pending." <u>Id</u>.at 793 (quoting <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 495 (1942)). In determining whether to abstain from proceeding, the district court should examine whether the claims of all interested parties may be adequately addressed in the state court

4

proceeding, whether necessary parties are joined, and whether such parties are amenable to process in the state proceeding. Id.

The Eighth Circuit went on to affirm the district court's decision to stay the proceeding, explaining "[a]s the Supreme Court has concluded, an order staying an action 'does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive discharge of it. There is only a postponement of decision for its best fruition.'" Id. at 797 (quoting Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 29 (1959)).

In another recent case, the Eighth Circuit reversed the district court where it did not stay the declaratory judgment action in light of a state action involving the same state-law issues and the same parties. Cincinnati Indem. Co. v. A& K Const. Co., 542 F.3d 623, 624-25 (8th Cir. 2008) (explaining "[t]he complaint seeks only a declaratory judgment. . . . the district court should have considered abstaining from exercising jurisdiction in this declaratory case where a parallel state lawsuit is pending").

In a recent Western District case, this Court granted a motion to dismiss in a declaratory judgment action where there existed a parallel state action. Amerisure Mutual Ins. V. Walton Contruction Co. Case No. 11-00966-CV-W-BP (W.D. Mo. 2012) (Hon. Beth Phillips, District Judge). In that case, this Court found that the issues in controversy were better settled by state court, insurance contract interpretation would be governed by state law and involve the same parties as the federal matter, and the state court action provided a better forum for the claims to be satisfactorily adjudicated. Id. at *4.

In a recent Eastern District opinion, the insurance company filed a declaratory judgment action in federal court on May 21, 2013, the § 537.065 judgment against the

5

insured was entered on August 1, 2013, and the state garnishment action was filed September 9, 2013 (3.5 months after the declaratory judgment was filed). Capitol Indem. Corp. v. March, 2013 WL 6838778 at *1 (E.D. Mo. Dec. 27, 2013) (Hon. Stephen N. Limbaugh, Jr., District Judge).

The insurer removed the state case and the Court consolidated the plaintiff's removed garnishment with the insurer's declaratory judgment. Id. at *1-2. The Court then explained "'it is the duty of the federal courts to look beyond the pleading and to arrange the parties according to the primary purpose of the lawsuit.'" Id. at *2 (quoting Universal Underwriters Ins. v. Wagner, 367 F.2d 866, 870 (8th Cir. 1966)) (emphasis added). "The parties are aligned according to the primary purpose of the lawsuit and their respective interests." Id.

With respect to the primary purpose of the suit and the parties' respective interests, the Court noted that the garnishment plaintiff is seeking coverage for the judgment under the insurance policy and the insurer is seeking a determination that there is no coverage. Id. at *3 (explaining "Capitol Indemnity would have no reason to raise the coverage issue but for March's claim"). Properly aligned, the judgment-creditor garnishor [these Defendants] is the plaintiff and the insurer and its insureds [American Casualty and Chang Defendants] are the defendants. Id. ("[r]ealignment would only serve the purpose of manufacturing federal jurisdiction"). The Court stayed the federal case pending the outcome of the state case. Id. at *4. In reaching that conclusion, the Court explained:

> Both actions involve the same parties, the same issues, the same insurance policy, and the same arguments. Because the interpretation of insurance policies is

6

Case 4:14-cv-00494-BP   Document 40   Filed 01/22/15   Page 6 of 11

governed by state law, Missouri law applies in both actions. As a result, the state court is in a better position to adjudicate the matter.

Id. (internal citation omitted).

In another Eastern District case from 2012, the insurance company argued that because the federal declaratory judgment action was commenced before the state equitable garnishment action there should be no stay. The District Court disagreed, explaining:

> Liability has been determined and all that remains for decision is whether the judgment [against the insured] is covered under the policy issued by Travelers. This is a question of state law and there is a pending state court proceeding in which the question will be answered.
>
> Travelers notes that this case was filed before the garnishment action and asserts that this factor weighs against abstention. Where the two cases involve the same parties, same issue, same insurance policy, and same arguments, the relative timelines of the two cases is not a dispositive factor.

Travelers Indem. Co. v. Sarchett, et al., 2012 WL6738498 at *3 (E.D. Mo., Dec. 31, 2012) (Hon. Carol E. Jackson, District Judge). That is the same as the case here. Liability has been determined and all that remains for decision is whether the Saline County judgment is covered under American Casualty's policy.

In another recent case involving a declaratory judgment filed in federal court involving the question of whether there was a duty to defend and indemnify under a CGL, the court granted the motion to stay explaining:

7

> The principle of 'wise judicial administration' weighs in favor of declining to exercise jurisdiction over this action. Because this action and the Underlying Suit [in state court] are parallel, allowing both actions to proceed runs the risk of inconsistent rulings and would be uneconomical and vexatious for the parties and a waste of judicial resources.
>
> The interpretation and application of James River's CGL policy is purely a matter of state law and there are no federal defenses or claims. All of the issues pending among the parties can be satisfactorily adjudicated in the Underlying Suit.

James Rivers Ins. Co. v. Impact Strategies, Inc., 699 F.Supp.2d 1086, 1091 (E.D. Mo. 2010) (Hon. Charles A. Shaw, District Judge) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)). The James Rivers court also rejected the insurance company's argument that the timing of the suits was relevant. Id. at 1089 (explaining "[t]he Eighth Circuit did not address the date of filing as a relevant factor. . . .") (citing Royal Indem., *supra*, 511 F.3d 788).

Other cases are in accord. See Maryland Cas. Co. v. Shayatovich, 2012 WL6626808 at *5 (E.D. Mo. 2012) (Hon. Audrey G. Fleissig, District Judge) (ordering a stay of the declaratory judgment case pending resolution of the equitable garnishment case); Liberty Surplus Ins. Corp. v. Wright, 2012 WL 6200451 at *3 (E.D. Mo. 2012) (Hon. Catherine D. Perry, District Judge) (dismissing declaratory judgment case because there was a parallel Missouri case); Travelers Home and Marine Ins. Co. v. White, 2012 WL 5258892 at *3 (E.D. Mo. 2012) (Hon. Terry I. Adelman, Magistrate Judge) (ordering a stay pending resolution of the state garnishment case); Gander Mountain Co. v. Arnold

Crossroads, L.L.C., 2010 WL1170014 (E.D. Mo. 2010) (Hon. Donald J. Stohr, District Judge) (dismissing the declaratory judgment action because the state case involved the same parties and state-law insurance issues); Northern Assur. Co. of North America v. Kendall, 2009 WL3763038 (E.D. Mo. 2009) (Hon. Rodney W. Sippel, District Judge) (staying the declaratory judgment action); American States Ins. Co. v. Gates Corp., 2008 WL163588 at *5 (E.D. Mo. 2008) (explaining the insurance company's "[r]ace to this courthouse should be tempered with permitting state law issues to be timely resolved in state court based on the facts of this case").

## IV. ANALYSIS

This Court may properly decline to exercise jurisdiction, instead staying this proceeding pending the outcome of the parallel action filed in Saline County. The core issue here, and there, is whether the plaintiff's insurance policy provides coverage for the judgment entered against the plaintiff's insureds. The same parties to this action are also parties in the Saline County equitable garnishment action. The same exclusionary provisions will be central to the inquiry in both cases. There is no federal question presented in either case. This is a Missouri insurance law case. Further, all of the rights, obligations, duties, and legal relations of all of the parties under Missouri law and under the insurance policy can be satisfactorily adjudicated to finality in the state court action.

9

## V. CONCLUSION

Accordingly, for the foregoing reasons and under the foregoing legal authorities, these Defendants respectfully suggest this Court should abstain from exercising jurisdiction over this action pending the final outcome of the parallel state court action, and grant such other and further relief as is fair and reasonable in the circumstances.

**CALL & GENTRY LAW GROUP, LLC**

By: */s/ Blake I. Markus*
Blake I. Markus        #61755
3218 Emerald Lane, Ste. C
Jefferson City, MO  65109
(573) 644-6090
(573) 644-6922 (fax)
blake@callgentry.com
ATTORNEYS FOR DEFENDANTS
SARA CLARK and WANDA GOSSETT

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

R.C. Wuestling
Wuestling & James, L.C.
720 Olive St., Suite 2020
St. Louis, MO  63101
wuestling@wuestlingandjames.com

David Howard Timmins
Gardere Wynne & Sewell, LLP
1601 Elm St., Suite 3000
Dallas, TX  75201
dtimmins@gardere.com
**Attorneys for Plaintiff American Casualty Company of Reading, Pennsylvania**

Michael E. McCausland and Jordan Burns
McCausland Barrett & Bartalos PC
9233 Ward Parkway, Suite 270
Kansas City, MO 64114-3360
mmccausland@mbblawfirmkc.com
jburns@mbblawfirmkc.com
**Attorneys for Chang Defendants**

        */s/ Blake I. Markus*

11

Case 4:14-cv-00494-BP   Document 40   Filed 01/22/15   Page 11 of 11