IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:14CV-00494 |
| PAUL CHANG, individually; PAUL CHANG R.P.T., PC; SARA CLARK by and through her guardian and conservator, Wanda Clark; and WANDA CLARK, individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## CLARK DEFENDANTS' REPLY SUGGESTIONS TO PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

Defendants Sara Clark, by and through her guardian and conservator Wanda Jeanette Gossett, and Wanda Jeanette Gossett, individually, (jointly "these Defendants") file these reply suggestions to Plaintiff American Casualty's suggestions in opposition to their motion to stay proceedings.

### REPLY SUGGESTIONS

Plaintiff American Casualty's sole point in its suggestions in opposition is the delay between the filing of the amended judgment in Saline County and these Defendants' filing of the equitable garnishment action. However, when two cases involve the same parties,

1

same issue, same insurance policy, and same arguments, the relative timelines of the two cases is not a dispositive factor.

American Casualty cites to *Pharmacists Mut. Ins. Co. v. Courtney*, 02-0242-CV-W-ODS, 2003 WL 950081, at *3 (W.D. Mo. Feb. 4, 2003), for the proposition that where the federal declaratory judgment action is filed first and is further along than the state court action, it is a factor favoring the federal court proceedings. American Casualty fails to state that in *Pharmacists Mut. Ins. Co.*, the major factors the Court considered in denying abstention and stay were that the underlying tortfeasor had over 350 lawsuits filed against him, each plaintiff was a party in the federal action, but only one state case had gone to trial. *Id.* at *7-8. Further, that one trial had reached a verdict, but it was not yet final. *Id.* The Court there stated that the federal declaratory judgment action "has the potential to declare the rights of all interested parties, not just the sole customer whose tort case has concluded. In addition to being less advanced than this case, the garnishment action cannot proceed until post-trial matters have been addressed (including possible appeals)." *Id.* at *13. Therefore, the proceedings in state court and federal court were not parallel and the garnishment case was not yet ripe to be litigated, which is not true in the matter at hand.

Further, the Eastern District distinguished *Pharmacists Mut. Ins. Co.* in *Travelers Indem. Co. v. Sarchett*, 4:12-CV-1182 (E.D. Mo. 2012). In *Sarchett*, the facts are substantially similar to this matter. A declaratory judgment was filed in federal court, a state court action was resolved, and a garnishment proceeding was later filed in state court that involved the same parties, issues, insurance policies, and arguments. *Id.* at *6. There, the Court stated that the matter was distinguishable from *Pharmacists Mut. Ins. Co.*

2

because "there are two lawsuits, not several hundred. Liability has been determined and all that remains for decision is whether the judgment against Sarchett is covered under the policy issued by Travelers. This is a question of state law and there is a pending state court proceeding in which the question will be answered." *Id.* at *5. Further, the insurer argued that because the federal declaratory judgment action was filed prior to the state garnishment proceeding, that weighs against abstention. The Court found that "[w]here the two cases involve the same parties, same issue, same insurance policy, and same arguments, the relative timelines of the two cases is not a dispositive factor." *Id.* at *6 (citations omitted). The Court there granted the motion to stay or abstain. That case is factually similar to the case at hand, it distinguishes the case law cited by American Casualty, and should be decided in the same fashion.

    To address some of the factual matters raised by American Casualty, these Defendants point out that nowhere does American Casualty state that it is prejudiced by any delay, nor does it imply that the state court proceedings cannot quickly reach procedural symmetry with the federal declaratory judgment action. This is because American Casualty has not prosecuted its case in this Court. To date, it has propounded discovery to the Chang Defendants only, to which responses are not yet due. It has not sent these Defendants any discovery, noticed up a single deposition, filed any motions for summary judgment, or moved its case forward in any meaningful way. These Defendants have filed discovery in this case and simultaneously filed that discovery in the state court action. Further, any motions for summary judgment that would be dispositive of this case can just as easily be filed in the state court action, which may end in the perverse result of

3

the Saline County Court and this Court having to decide the same issues and possibly result in different outcomes.

## CONCLUSION

Because two cases involve the same parties, same issue, same insurance policy, and same arguments, the relative timelines of the two cases is not a dispositive factor. Further, there is no meaningful difference between the procedural positions of both cases since no discovery has been answered in either case and no motions for summary judgment have been filed. Moreover, a risk exists of differing outcomes in both cases if summary judgment motions are filed in both the state and federal actions simultaneously. American Casualty cannot be prejudiced by this stay or abstention.

**WHEREFORE,** these Defendants request this Court stay these proceedings or abstain therefrom and allow the parties to pursue their claims in the Saline County action, and any such further relief this Court deems just and proper under the circumstances.

**CALL & GENTRY LAW GROUP, LLC**

By: */s/ Blake I. Markus*
Blake I. Markus #61755
3218 Emerald Lane, Ste. C
Jefferson City, MO 65109
(573) 644-6090
(573) 644-6922 (fax)
blake@callgentry.com
ATTORNEYS FOR DEFENDANTS
SARA CLARK and WANDA GOSSETT

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

R.C. Wuestling
Wuestling & James, L.C.
720 Olive St., Suite 2020
St. Louis, MO 63101
wuestling@wuestlingandjames.com

David Howard Timmins
Gardere Wynne & Sewell, LLP
1601 Elm St., Suite 3000
Dallas, TX 75201
dtimmins@gardere.com
**Attorneys for Plaintiff American Casualty Company of Reading, Pennsylvania**

Michael E. McCausland and Jordan Burns
McCausland Barrett & Bartalos PC
9233 Ward Parkway, Suite 270
Kansas City, MO 64114-3360
mmccausland@mbblawfirmkc.com
jburns@mbblawfirmkc.com
**Attorneys for Chang Defendants**

*/s/ Blake I. Markus*